# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

**RESURRECTION COAL COMPANY, INC.,**
a West Virginia corporation,

      **Plaintiff,**

v.	      **Case No.**   1:17-cv-02853
      (Formerly McDowell County No. 17-C-32)

**JAMES C. JUSTICE COMPANIES, INC.,**
a Delaware corporation, and
**CHESTNUT LAND HOLDINGS, LLC**

      **Defendants.**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendants, James C. Justice Companies, Inc. and Chestnut Land Holdings, LLC (hereinafter collectively referred to as "Defendants"), hereby give notice of removal of the above-captioned matter, Civil Action 17-C-32, formerly pending in the Circuit Court of McDowell County, West Virginia, to the United States District Court of the Southern District of West Virginia, Bluefield Division. In support of removal, the Defendants state as follows:

1. This Notice of Removal is timely pursuant to 28 U.S. C. § 1446(b).

2. The Circuit Court of McDowell County is located within the Southern District of West Virginia, Bluefield Division. Local Rule of Civ. Proc. 77.2.

3. Pursuant to 28 U.S.C. § 1446, copies of all process and pleadings served upon the Defendants, along with a certified copy of the State Court Docket Sheet, are attached hereto as Exhibit A.

4. A copy of this Notice of Removal, along with a Notice of Filing of Notice of Removal, is being sent to opposing counsel and filed with the Clerk of the Circuit Court of McDowell County, West Virginia. A copy of the Notice of Filing of Notice or Removal is attached hereto as Exhibit B.

5. By filing this Notice of Removal, Defendants do not waive any available defenses.

## Diversity Jurisdiction

6. On or about April 17, 2017 Plaintiff, Resurrection Coal Company, Inc., ("Plaintiff") filed its Complaint in the Circuit Court of McDowell County alleging that Defendants owe Plaintiff $143,992.93 for coal allegedly sold and delivered by Plaintiff to Defendants.

7. This action is properly removable under 28 U.S.C. § 1441, and this Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part, as follows:

> (a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between –
>
> (1) Citizens of different states . . . .

8. Due to the amount of damages sought by Plaintiff, exclusive of interest and costs, the $75,000.00 amount-in-controversy requirement is satisfied.

9. The citizenship of the parties to this action is summarized as follows:

> (a) Plaintiff is a West Virginia corporation with its principal office in West Virginia;

  (b)  James C. Justice Coal Companies, Inc. is a Delaware corporation with its principal office in Roanoke, Virginia; and

  (c)  Chestnut Land Holdings, LLC is a Delaware corporation with its sole member being Justice Low Seam Mining, Inc., which is a West Virginia corporation with its principal office in Roanoke, Virginia. *See* Affidavit, Exhibit C.

10. However, Chestnut Land Holdings, LLC's citizenship must be disregarded for purposes of determining and confirming this Court's subject-matter jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) as it was fraudulently joined as a party Defendant to this action. Although Chestnut Land Holdings, LLC is identified as a Defendant, Plaintiff's Complaint does not assert a claim against Chestnut Land Holdings, LLC and Chestnut Land Holdings, LLC is not a proper party to the Complaint. Because the Complaint merely lists Chestnut Land Holdings, LLC as a party Defendant without asserting any substantive or founded claims against it, Chestnut Land Holdings, LLC must be considered to be a fraudulently joined Defendant for purposes of determining this Court's jurisdiction over the subject matter of this case.

11. This is apparent on the face of the Plaintiff's Complaint and accompanying invoice. The handwritten invoice does not mention Chestnut Land Holdings, LLC and instead states, in part, that the "total amount due Resurrection Coal Co. from *James C. Justice Co.*, plus one sample inv. from Gallagher lab of $257.08 by 4-10-12 total amount $143,992.93." (emphasis added). Without more, the Complaint (and its attachments) fails to state a claim against Chestnut Land Holdings, LLC. This is also supported by the pre-litigation exchanges between the parties.

12. On March 15, 2016, Jerry J. Cameron, counsel for Plaintiff, sent Dustin Deane, Associate General counsel for James C. Justice Coal Companies, Inc., a Memorandum outlining the Plaintiff's claim against James C. Justice Coal Companies, Inc. This Memorandum included several attachments indicating that coal was allegedly mined for James C. Justice Coal Companies, Inc. and delivered in accordance with the instructions of James C. Justice Coal Companies, Inc.'s representatives. The only mention in the Memorandum regarding Chestnut Land Holdings, LLC concerns payment- not contractual obligations of any kind. *See* Exhibit C.

13. Under the doctrine of fraudulent joinder, "a district court can assume jurisdiction over a case even if, *inter alia*, there are non-diverse named defendants at the time the case is removed." *Mayes v. Rapaport*, 198 F.3d 457, 461 (4th Cir. 1999) (internal quotations omitted). "The doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction. *Id.* "As an exception to the forum defendant rule, this doctrine applies when a non-diverse party is fraudulently named in an action 'so that no possible cause of action has been stated against that party.'" *Carman v. Bayer Corp.,* 2009 U.S. Dist. LEXIS 58933 (N.D.W.Va. 2009) (*quoting Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

14. Fraudulent joinder requires the removing party to show "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). "[T]he court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis for joinder by any means available." *Mayes*, 198 F.3d 464.

15. A review of the Complaint, its attachments, and the pre-litigation exchanges between the parties demonstrates that the Complaint has not and the Plaintiff cannot assert any substantive claim against Chestnut Land Holdings, LLC for any form of relief- monetary or extraordinary.[1] Specifically, the handwritten invoice, attached to the Complaint, is void of any reference to Chestnut Land Holdings, LLC which clearly indicates that Chestnut Land Holdings, LLC is not a proper party to this litigation.

16. Because the Plaintiff has not asserted any cognizable claim against Chestnut Land Holdings, LLC in this case, and has done nothing more than simply identify it by name in the Complaint, the doctrine of fraudulent joinder applies to Chestnut Land Holdings, LLC and mandates that Chestnut Land Holding, LLC's inclusion in Plaintiff's Complaint be disregarded for purposes of determining this Court's subject matter jurisdiction over this controversy under 28 U.S.C. § 1332. Accordingly, complete diversity of citizenship for purposes of 28 U.S.C. § 1332(a) is present in this case.

17. To remove the State Court Action, pursuant to 28 U.S.C. § 1446, consent of "all defendants who have been properly joined and served" must be obtained. 28 U.S.C. § 1441(b)(2)(A). To date, both Defendants have been served and are represented by undersigned counsel. As such, both James C. Justice Companies, Inc. and Chestnut Land Holdings, LLC consent to the removal of this action to federal court.

WHEREFORE, Defendants James C. Justice Companies, Inc. and Chestnut Land Holdings, LLC respectfully request that this civil action be placed on the docket for the United States District Court for the Southern District of West Virginia, Bluefield Division; that this

---

[1] As the evidence in this case will show, the only connection Chestnut Land Holdings, LLC has to this case is the fact that Chestnut Land Holdings, LLC was the permit holder for the site where the coal was allegedly delivered by the Plaintiff. This is insufficient to assert any allegation against Chestnut Land Holdings, LLC- a fact known to the Plaintiff at the time of filing its Complaint.

Court exercise jurisdiction over this matter; and that this Court grant the Defendants all other appropriate relief.  Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove this case.

        Respectfully submitted,

        JAMES C. JUSTICE COMPANIES and
        CHESTNUT LAND HOLDINGS, LLC

        By Counsel

        /s/  Andrew L. Ellis
        John F. Hussell, IV - WV Bar No.  6610
        Andrew L. Ellis, - WV Bar No. 10618
        WOOTON, DAVIS, HUSSELL & ELLIS, PLLC
        P.O. Box 3971
        Charleston, WV  25339
        john.hussell@wwdhe.com
        drew.ellis@wwdhe.com
        (304) 345-4611
        *Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

**RESURRECTION COAL COMPANY, INC.,**
a West Virginia corporation,

    **Plaintiff,**

v.                                                                                  Case No.   1:17-cv-02853
                                                                                                                                                                        (Formerly McDowell County No. 17-C-32)

**JAMES C. JUSTICE COMPANIES, INC.,**
a Delaware corporation, and
**CHESTNUT LAND HOLDINGS, LLC**

    **Defendants.**

## CERTIFICATE OF SERVICE

      The undersigned, counsel for Defendants, James C. Justice Companies, Inc. and Chestnut Land Holdings, LLC, do hereby certify that I electronically filed the foregoing Notice of Removal with the Clerk of the Courts using the CM/ECF system and hereby certify that I served a copy of the foregoing Notice of Removal on the following counsel of record via United States mail, postage prepared, this 10th day of May, 2017

                    Brian K. Cochran, Esquire
          Caruth, Moore, Kersey & Stafford, PLLC
                      418 Bland Street
                      Post Office Box 529
                      Bluefield, WV 24701

                                        /s/  Andrew L. Ellis
                                        Andrew L. Ellis – WV Bar No. 10618