# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | |
|---|---|
| **RESURRECTION COAL COMPANY, INC.** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v.  ) | Civil Action No.: 1:17-cv-02853 |
| ) | |
| **JAMES C. JUSTICE COMPANIES, INC.** ) | |
| and  ) | |
| **CHESTNUT LAND HOLDINGS, LLC** ) | |
| ) | |
| *Defendants.* ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

Defendants James C. Justice Companies, Inc. ("JCJC") and Chestnut Land Holdings, LLC ("Chestnut") (collectively the "Defendants"), by counsel, submit the following Memorandum in Support of Defendants' Motion for a More Definite Statement.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about March 30, 2017, Plaintiff Resurrection Coal Company, Inc. (the "Plaintiff") filed this action in the Circuit Court of McDowell County, West Virginia. The seven (7) paragraph Complaint seemingly alleges a breach of contract action against each of the Defendants. A substantial amount of the Complaint merely lists the names and citizenship of the parties. Attached to the Complaint was a handwritten invoice purportedly from the Plaintiff addressed solely to Defendant JCJC.

Defendants were served with the Complaint through their registered agent on April 20, 2017, and subsequently removed this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants now move for a more definite statement as the Complaint is vague and amorphous about the proper Defendants.

**ARGUMENTS & AUTHORITIES**

**I.  STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule12(e) motions are generally "'restricted to situations where a pleading suffers from unintelligibility rather than want of detail.'" *See Wright v. Sutton*, No. 1:08-1431, 2010 U.S. Dist. LEXIS 67044, at *3 (S.D. W. Va. July 6, 2010) (*quoting Gleichauf v. Ginsberg*, 859 F. Supp. 229, 233 (S.D. W. Va. 1994)); *see also Hodgson v. Va. Baptist Hosp.*, 482 F.2d 821, 824 (4th Cir. 1973). The decision on whether to require a party to provide a more definite statement, however, is within the discretion of the trial court. *See Wright*, 2010 U.S. Dist. LEXIS 67044, at *3.

In practice, Rule 12(e) motions are disfavored, but they can be used as a tool to elicit "facts underlying a plaintiff's claim for relief" when those facts either do not appear on the face of the complaint, or are otherwise framed in a confusing, conflicting, or ambiguous manner. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006) (noting that a Rule 12(e) motion can be an effective tool for clarifying factual allegations essential to the logical structuring of an answer).

**II.  THE COMPLAINT IS VAGUE AS TO ITS CLAIMS AGAINST THE DEFENDANTS**

The simplistic Complaint contains little detail concerning the allegations that constitute the alleged cause of action against the Defendants. Specifically, the allegations against Chestnut are not detailed enough to determine if a cause of action is stated against Chestnut. The invoice attached to the Complaint contradicts the allegations in the Complaint.

The Complaint appears to allege that the Defendants agreed to buy coal mined by the Plaintiff. (Compl. ☐ 4). However, the Invoice instead states, in part, that "total amount due Resurrection Coal Co. from *James C. Justice Co.*, plus one sample inv. from Gallagher lab of $257.08 by 4-10-12 total amount $143,992.93." (emphasis added). At best, this contradiction makes the Complaint confusing as to which Defendant is allegedly liable for the invoice.

Moreover, the Complaint is void of specifics as to the purported agreement. No facts are alleged as to whether this is an oral or written contract, the date of the purported agreement, and other details typically found in causes of action for breach of contract. The Defendants are entitled to know which entity is potentially liable for the invoice and which facts form the basis for the alleged liability.

Defendant submit that resolution of the following questions would assist in moving this litigation forward in an efficient manner. They are:

1. Is there a written agreement between the parties?
2. Is the Plaintiff alleging that Chestnut is liable for the Invoice and under what theory of liability do they intend to proceed?
3. When was the coal purportedly delivered to the Defendants?

Resolution of these and potentially other questions would enable the Defendants to answer the allegations in the Complaint or otherwise attempt to resolve this litigation.

## CONCLUSION

For the foregoing reasons, the Defendants James C. Justice Companies, Inc. and Chestnut Land Holdings, LLC respectfully request that the Court grant their Motion for a More Definite Statement and order the Plaintiff to furnish a more definite statement of its claims.

Respectfully submitted,

JAMES C. JUSTICE COMPANIES, and
CHESTNUT LAND HOLDINGS, LLC.

By Counsel

/s/  John F. Hussell, IV
John F. Hussell, IV - WV Bar No.  6610
Andrew L. Ellis, - WV Bar No. 10618
WOOTON, DAVIS, HUSSELL & ELLIS, PLLC
P.O. Box 3971
Charleston, WV  25339
john.hussell@wwdhe.com
drew.ellis@wwdhe.com
(304) 345-4611
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**RESURRECTION COAL COMPANY, INC.,**
a West Virginia corporation,

      **Plaintiff,**

v.                              Civil Action No.: 1:17-cv-02853

**JAMES C. JUSTICE COMPANIES, INC.,**
a Delaware corporation, and
**CHESTNUT LAND HOLDINGS, LLC**

      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned, counsel for Defendants, James C. Justice Companies, Inc., and Chestnut Land Holdings, LLC, do hereby certify that I electronically filed the foregoing **Motion for a More Definite Statement** and **Memorandum in Support of Defendants' Motion for A More Definite Statement** using the CM/ECF system and hereby certify that I served a copy of the foregoing Notice of Removal on the following counsel of record via United States mail, postage prepared, this 16th day of May, 2017.

Brian K. Cochran, Esquire
Caruth, Moore, Kersey & Stafford, PLLC
418 Bland Street
Post Office Box 529
Bluefield, WV 24701

      /s/ John F. Hussell, IV
      John F. Hussell, IV