IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION


RESURRECTION COAL COMPANY, INC.,
a West Virginia corporation,                                          Plaintiff,


v.                              Civil Action No.: 1:17-cv-02853


JAMES C. JUSTICE COMPANIES, INC.
a Delaware corporation, and
CHESTNUT LAND HOLDINGS, LLC,
a Delaware Limited Liability Company.                          Defendants.


### Plaintiff's Motion to Remand and Memorandum in Support

NOW COMES PLAINTIFF, Resurrection Coal Company, Inc., by counsel, and herein moves this Court to remand this action to the Circuit Court of McDowell County, West Virginia.  Plaintiff further requests that its costs and actual expenses, including attorney's fees incurred as a result of the improvident removal, be ordered paid by defendants.   In support of this motion, Resurrection Coal Company, Inc. states as follows:

1.      Plaintiff's complaint, on its face, does not set forth a federal cause of action and involves a West Virginia plaintiff and a properly joined West Virginia defendant, therefore, removal was improper.

2.      Defendants have not met their burden to establish fraudulent joinder of Chestnut Land Holdings, Inc.

3.      Plaintiff has pled a cognizable cause of action against Chestnut Land Holdings, Inc. under West Virginia Law.

## LAW AND ARGUMENT

 A. **Plaintiff's Complaint, on its face, Does Not set forth a Federal Cause of Action and Involves a West Virginia Plaintiff and a Properly Joined West Virginia Defendant, therefore, Removal was Improper.**

 Plaintiff's complaint alleges that defendants had agreed to buy coal mined by plaintiff, and had in the past purchased coal from plaintiff for delivery to Red Fox Preparation Plant for the price of $135 per ton.  Plaintiff's complaint further alleges that plaintiff mined said coal and delivered 1,064.71 clean tons to Red Fox – Black Bear Processing Plant and/or Dalton Branch Strip Job, for the period of March 16, 2012 through March 31, 2012, which obligated defendants to pay plaintiff the amount of $143,992.93.  However, although plaintiff was paid on numerous occasions by defendant Chestnut Land Holdings, LLC after plaintiff invoiced defendant James C. Justice Companies, Inc. for plaintiff's performance under the agreement, neither defendant paid the last invoice totaling $143,992.93.  This breach of the agreement by both defendants is the subject of this complaint.

 This contractual dispute involves a corporate citizen of the State of West Virginia (Plaintiff); a Delaware corporation whose sole member is a West Virginia corporation (Defendant Chestnut Land Holdings, LLC); and a Delaware corporation, (Defendant James C. Justice Companies, Inc.).  In Defendants' Notice of Removal, defendants do not dispute that Chestnut Land Holdings, LLC is a citizen of West Virginia for diversity analysis. Instead, they claim Chestnut Land Holdings, LLC (hereinafter, "CLH") was not a party to the contractual agreement, and therefore was "fraudulently joined" in this civil action to defeat diversity.

 CLH was joined and named as a defendant in this suit because it was a party to the agreement with plaintiff and because of its actions, and inaction, of first paying plaintiff's

multiple invoices, and then refusing to pay the final invoice for coal mined and delivered to defendants by plaintiff.   CLH's breach of the agreement with plaintiff is the basis of plaintiff's complaint.  CLH is directly responsible, jointly with defendant James C. Justice Companies, Inc. for the entirety of the damages for which compensation is sought in the suit.

Congress has given the federal district courts original jurisdiction over civil actions between "citizens of different States" where, as here, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The citizenship requirement for diversity jurisdiction has been interpreted to mean complete diversity so that each plaintiff's citizenship must be different from the citizenship of each defendant. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, (1996).   A defendant may remove an action to federal court pursuant to a claim of diversity jurisdiction only where there exist "complete diversity" such that no party shares common citizenship with any party on the other side. *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999).  When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), only if no defendant "is a citizen of the State in which such action is brought." § 1441(b); *see also Caterpillar,* 519 U.S. at 68.  Furthermore, 28 U.S.C.A. § 1441(b)(2) provides:  A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C.A. § 1441(b)(2).

In the matter before this court, it is undisputed that CLH's sole member is a corporate citizen of West Virginia for diversity purposes, and therefore is not diverse.  CLH is

also a citizen of the State in which the action was brought.  Consequently, removal was improper

and this matter must be remanded to the Circuit Court of McDowell County.

**B.      Defendants Have Not Met their Burden to Establish Fraudulent Joinder of Chestnut Land Holdings, LLC.**

As previously discussed, this lawsuit stems directly from plaintiff's agreement to

provide defendants with coal, and to be compensated accordingly upon plaintiff's performance

of its contractual duty.  Plaintiff consistently performed its obligations and was consistently paid

by CLH on all occasions, except for the final invoice owed by defendants. This clear breach of

contract by CLH has caused its proper presence as a defendant in this suit, and defendants have

not, and cannot meet their burden to establish that CLH was fraudulently joined as a defendant

therein.

The concept of fraudulent joinder doctrine is an exception to the complete

diversity requirement, which allows a federal court to "disregard, for jurisdictional purposes,"

the citizenship of nondiverse defendants, assume jurisdiction over a case, dismiss those

defendants, and "thereby retain jurisdiction." *Mayes,* 198 F.3d at 461.  The party asserting

fraudulent joinder bears the burden of "demonstrat[ing] either outright fraud in the plaintiff's

pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to

establish a cause of action against the in-state defendant in state court, … even after resolving all

issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424

(4th Cir.1999).

"The burden on the defendant claiming fraudulent joinder is heavy. *Mayes*, 198

F.3d at 464. That a complaint would not survive a defendant's motion to dismiss

under Fed.R.Civ.P. 12(b)(6) does not mean that that defendant has been fraudulently joined: the

standard is more favorable than the 12(b)(6) standard. *Hartley,* 187 F.3d. at 424. If there is any possibility of recovery, the defendant has not been fraudulently joined. *Id.*

Plaintiff's notice of removal here simply alleges that CLH has been fraudulently joined and references a pre-suit settlement negotiation memorandum.   However, just because plaintiff was not concerned with identifying all potential liable parties at the time of the pre-suit settlement negotiations, this does not defendants' burden required by the fraudulent joinder doctrine to warrant an exception to the complete diversity requirement.   Whether CLH paid the invoice for the coal mined and delivered by plaintiff to the defendants, as it admittedly had done many times previously, or whether James C. Justice Companies, Inc. paid the invoice, at the time of the negotiations, was not a matter of concern to plaintiff.

CLH is clearly a proper party to this action as it participated in the contractual agreement and participated in the breach of the agreement.   Accordingly, defendants have failed to meet their burden of fraudulent joinder, and therefore, this matter must be remanded to the Circuit Court of McDowell County.

## C.   Plaintiff has Plead a Cognizable Cause of Action Against Chestnut Land Holdings, LLC under West Virginia Law.

Plaintiff has articulated a cognizable and viable claim for Breach of Contract in its Complaint against CLH.   West Virginia is a notice pleading state and only requires that a pleading consist of "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." *W. Va. Civ. P. 8(a).* "All pleadings shall be so construed as to do substantial justice." *W. Va. Civ. P. 8(f).*   The West Virginia Rules of Civil Procedure are "designed to expedite and simplify the trial of an action." *Skeen v. C & G Corp.,* 155 W. Va. 547, 556 (1971). A "complaint must be intelligibly

sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *Harrison v. Davis,* 197 W. Va. 651, 664 (1996).

Here, plaintiff has alleged that both defendants participated in, and were parties to the agreement for plaintiff to mine coal and deliver that coal to defendants in exchange for payment. Accordingly, plaintiff has articulated a valid claim for breach of contract under West Virginia law, and defendants cannot establish their heavy burden of proof to show that CLH has been fraudulently joined in this civil action. Consequently, plaintiff's motion to remand must be granted and this civil action must be remanded to the Circuit Court of McDowell County.

## CONCLUSION

On the face of the Complaint and by admission of defendants in their notice of removal, no diversity of citizenship exists among the parties. Therefore, this Court lacks subject matter jurisdiction. Since the allegations must be viewed in a light most favorable to the plaintiff and all contested issues of substantive fact must be resolved in favor of plaintiff, the complaint here sufficiently states a cause of action against CLH, and CLH's proper presence in the lawsuit destroys complete diversity of citizenship under 28 U.S.C. § 1332(a). Accordingly, the remand of this action to the Circuit Court of McDowell County, West Virginia is appropriate.

Because the lack of federal jurisdiction is self-evident, plaintiff also seeks an award of their fees and costs pursuant to 28 U.S.C. 1447 (c) for the unnecessary expense incurred by the filing of this Motion.

RESURRECTION COAL COMPANY, INC.

By Counsel.


/s/ Brian K. Cochran
Brian K. Cochran, Esquire
West Virginia State Bar ID #10503
Brewster, Morhous, Cameron,
        Caruth, Moore, Kersey & Stafford, PLLC
418 Bland Street
Post Office Box 529
Bluefield, West Virginia
(304) 324-0304
(304) 324-0362
*Attorney for Plaintiff Resurrection Coal Company, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

RESURRECTION COAL COMPANY, INC.,
a West Virginia corporation,                                                    Plaintiff,


v.                                         Civil Action No.: 1:17-cv-02853


JAMES C. JUSTICE COMPANIES, INC.
a Delaware corporation, and
CHESTNUT LAND HOLDINGS, LLC,
a Delaware Limited Liability Company.                          Defendants.


## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2017, I electronically filed the foregoing Plaintiff's

Motion to Remand and Memorandum in Support with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to the following CM/ECF participants:

John F. Hussell, IV - WV Bar No. 6610
Andrew L. Ellis, - WV Bar No. 10618
WOOTON, DAVIS, HUSSELL & ELLIS, PLLC
P.O. Box 3971
Charleston, WV 25339
john.hussell@wwdhe.com
drew.ellis@wwdhe.com
(304) 345-4611
*Counsel for Defendants*


/s/ Brian K. Cochran