IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

RESURRECTION COAL COMPANY, INC.,
a West Virginia corporation,

                Plaintiff,

v.                                      Civil Action No.  1:17-cv-02853

JAMES C. JUSTICE COMPANIES, INC.,
a Delaware corporation, and
CHESTNUT LAND HOLDINGS, LLC,
a Delaware Limited Liability Company.

                Defendants.

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Comes now the Defendants, James C. Justice Companies, Inc., and Chestnut Land Holding, LLC (collectively the "Defendants"), by counsel, John F. Hussell, IV, Andrew L. Ellis, John D. (Jody) Wooton, Jr., and the law firm of WOOTON, DAVIS, HUSSELL & ELLIS, PLLC, and submit this Response in Opposition to Plaintiff's Motion to Remand.

**BACKGROUND**

Plaintiff initiated this action on March 30, 2017, in the Circuit Court of McDowell County, West Virginia.  The Complaint purports to allege a cause of action against two Defendants- James C. Justice Companies, Inc. ("JCJC") and Chestnut Land Holdings, LLC ("Chestnut").  On May 10, 2017, the Defendants removed the action to this Court on the basis that Chestnut is not a proper party to this litigation and was fraudulently joined.

In support of their Notice of Removal, the Defendants attached a Declaration of Dustin Deane, Esq., Associate General Counsel, for JCJC.  Chestnut is an affiliated entity of JCJC and

is owned and operated by the same family. The Declaration, which is unopposed by the Plaintiff Resurrection Coal Company, Inc. (the "Plaintiff"), sets forth the pre-litigation discussions of the parties.

In these discussions, the Plaintiff, via Jerry J Cameron, indicates that Chestnut is liable to the Plaintiff because Chestnut paid for various coal deliveries on behalf of JCJC. *See* Dkt. No. 1, Ex. 3 – Ex. A. The Plaintiff also alluded to a written contract between JCJC and an individual named Darvin Rowe. *Id.* Chestnut was not a party to this contract and is not identified on the prior invoices issued to JCJC. Nor is Chestnut identified on the invoice attached to the Complaint. The pre-litigation exchanges and the Plaintiff's own invoice establishes that Chestnut's only connection to this litigation is the fact that it is a permit holder for the mine referenced in the Complaint and purportedly paid invoices from the Plaintiff in the past.

## ARGUMENT

### I. CHESTNUT IS NOT A PROPER PARTY AND WAS FRAUDULENTLY JOINED

Plaintiff claims that Chestnut was "joined and named as a defendant in this suit because it was a party to the agreement with the plaintiff and because of its actions, and inaction, of first paying plaintiff's multiple invoices, and then refusing to pay the final invoice for coal mined and delivered to defendants by plaintiff." (Mot. Remand pp. 2-3). The Plaintiff, however, does not attach a written agreement nor does it state a time and date of the agreement. It appears the only written agreement, even remotely connected to this litigation, is the agreement between Darvin Rowe and JCJC. Further, Chestnut is not identified on the invoice attached to the Complaint. The allegation that Chestnut was a party to an agreement with the Plaintiff is unsupported by the facts and the Plaintiff's own inconsistent pleadings.

2

Plaintiff's claim that Chestnut incurred some liability by paying the prior invoices is equally as flawed.  The Plaintiff's cite no case law or statute for this novel theory of liability.  Nor are the Defendants aware of any legal theory which creates liability on behalf of Chestnut for the payment of prior invoices- which were all sent to JCJC- not Chestnut.  If there is no legal theory upon which the Plaintiff can recover from Chestnut then there can be no possibility of recovery at all.

Because the Complaint merely lists Chestnut as a party Defendant without asserting any substantive or founded claims against it, Chestnut must be a fraudulently joined Defendant for purposes of determining this Court's jurisdiction over this case.  Established law permits such a conclusion.  *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) ("As an exception to the forum defendant rule, this doctrine applies when a non-diverse party is fraudulently named in an action so that no possible cause of action has been stated against that party…A defendant is fraudulently joined if the plaintiff commits outright fraud in his pleadings or if there is no possibility of stating a claim against the resident defendant.").

## II. CHESTNUT CANNOT DETERMINE WHETHER A VALID CLAIM HAS BEEN ASSERTED IN THE COMPLAINT

The Plaintiff relies upon a notice pleading argument in attempt to defeat the fraudulent joinder arguments.  However, this overlooks the fact that the Complaint contains inherent internal contradictions which make the allegations impossible to understand.  These inconsistencies do not put the Defendants on notice as to who is the proper party.

Pursuant to Rule 8 of the West Virginia Rules of Civil Procedure "[a]ll pleadings shall be so construed as to do substantial justice."  However, as set forth in Plaintiff's Motion, a "Complaint must be intelligibly sufficient for…an opposing party to understand whether a valid claim is alleged."  This mandates that the Plaintiff clarify the proper defendant and until that is

accomplished the Plaintiff has not stated a cause of action against Chestnut making Chestnut an improper party for purposes of diversity jurisdiction.

## CONCLUSION

For all of the foregoing reasons, Defendants James C. Justice Companies, Inc. and Chestnut Land Holdings, LLC respectfully request that the Court deny the Plaintiff's Motion to Remand, award the Defendants all costs and attorneys' fees in connection with said motion, and grant such further relief as the Court deems proper.

**Respectfully submitted,**
**JAMES JUSTICE COMPANIES, INC., and**
**CHESTNUT LAND HOLDINGS, LLC.**

**By Counsel**

/s/ John F. Hussell, IV
John F. Hussell, IV - WV State Bar No. 6610
Andrew L. Ellis – WV State Bar No. 10618
John D. (Jody) Wooton, Jr. – WV State Bar No. 10512
**WOOTON, DAVIS, HUSSELL & ELLIS, PLLC**
Post Office Box 3971
Charleston, West Virginia 25339
(304) 345-0709
Fax: (304) 345-4607
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

RESURRECTION COAL COMPANY, INC.,
a West Virginia corporation,

        Plaintiff,

v.                         Civil Action No.  1:17-cv-02853

JAMES C. JUSTICE COMPANIES, INC.,
a Delaware corporation, and
CHESTNUT LAND HOLDINGS, LLC,
a Delaware Limited Liability Company.

        Defendants.

**CERTIFICATE OF SERVICE**

    The undersigned, counsel for Defendants, James C. Justice Companies, Inc., and Chestnut Land Holdings, LLC, does hereby certify that the foregoing **Response in Opposition to Plaintiff's Motion to Remand** has been filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

        Brian K. Cochran, Esquire – WV Bar No. 10503
        Brewster, Morhouse, Cameron, Caruth,
        Moore, Kersey & Stafford, PLLC
        418 Bland Street
        P.O. Box 529
        Bluefield, WV  24701

    *Counsel for Plaintiff Resurrection Coal Company, Inc.*

Done this 22nd  day of June, 2017.

                      /s/    John F. Hussell, IV