IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                                 AT BLUEFIELD

**RESURRECTION COAL COMPANY, INC.,**

    **Plaintiff,**

**v.**                                         **CIVIL ACTION NO. 1:17-02853**

**JAMES C. JUSTICE COMPANIES, INC.,**
**and**
**CHESTNUT LAND HOLDINGS, LLC,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's Motion to Remand. (ECF No. 5). On November 14, 2017, the court held a hearing on plaintiff's motion. For the reasons set forth below, the motion to remand is **GRANTED**.

### I. Background

This civil action, a breach of contract dispute, was originally filed in the Circuit Court of McDowell County, West Virginia, on or about March 30, 2017, against defendants James C. Justice Companies, Inc. ("JCJC") and Chestnut Land Holdings, LLC ("CLH"). Plaintiff Resurrection Coal Company, Inc. ("Resurrection") asserts that defendants entered into a contract "to buy coal mined by Plaintiff" and that "[d]efendants owe Plaintiff [ ] $143,992.93 for the said coal sold and delivered by Plaintiff to Defendants between March 16, 2012 and March 31, 2012, and invoiced to Defendants on April 5, 2012." Complaint ¶¶ 4 and 7. Attached to the complaint is a handwritten invoice,

dated April 5, 2012, stating that "Resurrection Coal Co." was due the "total amount $143,992.93" from "James C. Justice Co." ECF No. 1-1 at p. 21.

On May 10, 2017, defendants removed the case to this court on the basis of diversity of citizenship. Defendants contend that CLH was fraudulently joined in this action for the sole purpose of defeating diversity jurisdiction. See ECF No. 1 at ¶ 10. According to defendants "the Complaint merely lists Chestnut Land Holdings, LLC as a party Defendant without asserting any substantive or founded claims against it. . . ." Id. To that end, defendants direct the court's attention to the handwritten invoice attached to the complaint which does not mention CLH. See id. at ¶ 11. Also attached to the Notice of Removal are documents exchanged by the parties and their counsel prior to the filing of the lawsuit. In support of its claim for payment of the invoice dated April 5, 2012, counsel for Resurrection tendered to Dustin Deane, Associate General Counsel for JCJC, an Agreement between JCJC and Darvin Rowe, Betty Coal Company, Inc., dated January 11, 2012. See ECF No. 1-3. Chestnut Land Holdings was not a party to this Agreement. See id.

In its Motion to Remand, plaintiff maintains that "CLH was joined and named as a defendant in this suit because it was a party to the agreement with plaintiff. . . ." ECF No. 5 at p. 2. Resurrection moved to remand this action and for an award of

2

costs and attorney fees incurred as a result of defendants' removal. Because of the inconsistencies between plaintiff's assertions in the complaint that CLH was a party to the agreement and the written agreement and invoice which did not mention CLH, the court set the motion for a hearing. At that hearing, counsel for Resurrection informed the court that the written agreement discussed above was a "red herring" and that the basis for the breach of contract action was <u>not</u> the written agreement but, rather, an oral agreement between the three parties named in the complaint.

## II.  Standard of Review

Federal district courts may exercise diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. <u>See</u> 28 U.S.C. § 1332(a)(1). Title 28 United States Code Section 1441, known as the "removal statute," provides that a case filed in state court may be removed to federal court when it is shown by the defendant that the federal court has original jurisdiction. <u>See</u> <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is appropriate. <u>Mulcahey</u>, 29 F.3d at 151 (citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941)). The removing defendant

3

bears the burden of establishing that removal is appropriate. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D.W. Va. 1996) (Copenhaver, J.). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

Fraudulent joinder is an exception to the complete diversity requirement of Section 1332. The fraudulent joinder doctrine allows a district court to disregard, for jurisdictional purposes, the citizenship of a diversity-destroying defendant, assume jurisdiction over a case, dismiss the diversity-destroying defendant, and thereby retain jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). A defendant is fraudulently joined if the plaintiff commits outright fraud in his pleadings or if there is no possibility of stating a claim against the resident defendant. Mayes, 198 F.3d at 464. The burden to show fraudulent joinder is particularly heavy. Defendants must show that plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in plaintiff's favor. Id. The standard to be applied by the court is even more favorable to the plaintiff than the standard for granting motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Id. at 464, 466 (stating that a "glimmer of hope" for relief against the non-diverse defendant is sufficient to defeat removal jurisdiction). In making this determination, the court is not limited to the allegations of the pleadings, but may

consider the entire record and determine the basis of the joinder "by any means available."  Id.

### III. Analysis

"It is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract." Electron Energy Corp. v. Short, 408 Pa. Super. 563, 597 A.2d 175, 177 (2005); cf. Desco Corp. v. Harry W. Trushel Constr. Co., 413 S.E.2d 85, 89 (W. Va. 1991) ("Our rule for damages as a result of a breach of contract is that recovery may be obtained for those damages which either arise naturally from the breach or may reasonably have been within the contemplation of the parties at the time they made the contract.").  CLH was not a party to the written agreement attached to the notice of removal and, were that the operative agreement underlying this breach of contract action, CLH would have been fraudulently joined and removal would be proper.  However, at the hearing on the remand motion, counsel for Resurrection assured this court that the basis of its breach of contract action was an oral agreement between Resurrection, JCJC, and CHL -- not the written agreement.  For this reason and on the record before it, the court cannot conclude that Resurrection has "no possibility" of establishing its breach of contract claim against CLH.  See Mayes, 198 F.3d at 464.

## IV. Conclusion

Because defendants have not carried the onerous burden of demonstrating fraudulent joinder, the court concludes that it lacks jurisdiction over this matter. Accordingly, plaintiff's motion to remand is hereby **GRANTED** to the extent it seeks remand. Because the court concludes that the propriety of removal of this action was subject to a fair dispute, see Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 939-40 (S.D.W. Va. 1996), the motion is **DENIED** to the extent it seeks attorney fees and costs. The court **REMANDS** this action to the Circuit Court of McDowell County, and **DIRECTS** the Clerk to remove this matter from the court's active docket.

The Clerk is further directed to send a copy of this Memorandum Opinion to all counsel of record, and to forward a certified copy of the same to the Clerk of the Circuit Court of McDowell County.

It is **SO ORDERED** this 21st day of November, 2017.

ENTER:

David A. Faber
Senior United States District Judge